UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE: | CASE NO.

**MARK ROLLINS CLEMENT** 04-13215
**THERESA LAVERGNE CLEMENT**

DEBTORS | CHAPTER 7

## MEMORANDUM OPINION

The Louisiana Legislature has exempted from the claims of creditors and trustees in bankruptcy[1] all annuity contracts and all proceeds of and payments under all annuity contracts, as well as all proceeds and avails of the contracts. *See* La. R.S. 13:3881(D); La. R.S. 20:33; La. R.S. 22:647(B). The issue in this case is whether the debtors are entitled to exempt their interests in annuities obtained within the year before they filed chapter 7.

### FACTS

The debtors settled personal injury claims against New Hampshire Insurance Company in May 2004.[2] Under the Uniform Qualified Assignment and Release the debtors executed in connection with that settlement,[3] American General Annuity Service Corporation ("American General") assumed New Hampshire Insurance Company's liability to make periodic payments to the debtors, through a "qualified funding asset."[4]

---

[1] La. R.S. 13:3881(B); 11 U.S.C. §522(b)(2)(A).

[2] The record contains no evidence of either the name of the insured or the basis for the debtors' claims.

[3] Attached to Debtor's Response to Trustee's Objection to Property Claimed as Exempt (P-30).

[4] Internal Revenue Code section 130(d) defines a *qualified funding asset* as an annuity contract purchased by a licensed insurance company that funds periodic payments related to assignment of liability as a result of damages or compensation for personal injury, among other things. 26 U.S.C. §130 (c) and (d).

To make the payments, American General purchased two single premium immediate annuities (the "annuity contracts") from an affiliated insurer.  Debtors Mark and Theresa Clement are the beneficiaries of the annuity contracts, but American General owns the contracts.[5]  The debtors' payments from the annuities began June 20, 2004 and end on May 20, 2006.

About four months after settling the lawsuit, the debtors filed chapter 7.[6]  On their original schedule C, they claimed their "interests in" the annuity contracts as exempt property under La. R.S. 22:647(B), with a value of zero.[7]

Trustee Samera Abide objected to the debtors' exemption, which she reasonably construed (based on the wording on debtors' schedule C) as extending to the annuity contracts *and* payments under the contracts.  The trustee argued that neither the annuities nor the payments are exempt because the annuity contracts were purchased within a year before the debtors' bankruptcy.  La. R.S. 13:3881(D)(2).[8]

---

[5]   American General Life Insurance Company Single Premium Immediate Annuity Policies, pp.3, 5 and Structured Settlement Annuity Applications, attached to Debtors' Response to Trustees Objection to Property Claimed as Exempt (P-30).

[6]   Chapter 7 petition filed September 29, 2004 (P-1).

[7]   P-7, filed October 13, 2004.  After the trustee objected to their exemption claim, the debtors amended schedule C to reflect that the annuities have a value that is "unknown."  P-33, filed March 17, 2005.

[8]   La. R.S. 13:3881(D) provides in relevant part:

> (1) Except as provided in Paragraph 2 of this Subsection, the following shall be exempt from all liability for any debt except alimony and child support:  all pensions, all tax-deferred arrangements, annuity contracts, and all proceeds of and payments under all tax-deferred arrangements and annuity contracts, as defined in Paragraph 3 of this Subsection.
>
> (2) No contribution to a tax-deferred arrangement or to an annuity contract . . . shall be exempt if made less than one calendar year of the date of filing for bankruptcy . . . .

2

The debtors' response to the objection clarified that they did not seek to claim an exemption for the annuity contracts. In fact, the debtors admitted that they did not own the annuities themselves, which belong to American General. Instead, they clarified that their claim for exemptions extended only to the annuity payments.[9]

No party offered evidence on the objection.

## ANALYSIS

Given the debtors' narrowing of their exemption claim, the issue is fairly straightforward.

I.   The Annuity Contracts Are Not Property of the Estate.

The starting point for analysis of exemptions is Bankruptcy Code section 541. That provision makes property of the bankruptcy estate out of all property in which a debtor has a legal or equitable interest at the commencement of a bankruptcy. 11 U.S.C. §541(a). After filing, an individual debtor may exempt property under 11 U.S.C. §522 that otherwise would be bankruptcy estate property. *In re Bunker,* 312 F.3d 145, 150-151 (4th Cir. 2002).

The trustee offered no evidence to dispute a finding that the annuity contracts did not belong to the debtors. The contracts belong to American General. Thus, they never became property of the bankruptcy estate, and accordingly, cannot be exempted under 11 U.S.C. §522. *In re Bippert*, 311 B.R. 456, 465 (Bankr. W.D. Tex. 2004) (categories of property exempted under 11 U.S.C. §522 first and foremost must be a subset of the property of the debtor's estate).

---

[9]  Debtors' Response to Trustee's Objection to Property Claimed as Exempt and supporting memorandum (P-30 and -31).

II. <u>The Annuity Payments are Exempt</u>.

The trustee also seems to argue that La. R.S. 13:3881(D)(2) bars the debtors from exempting payments they receive on account of the annuity contracts, because their right to payment arose within the year before bankruptcy. The statutory language does not support that conclusion.

Section 3881(D)(2) provides only that *contributions* to an *annuity contract* made less than one calendar year before a bankruptcy filing are not exempt. It imposes absolutely no limitation on a debtor's ability to exempt annuity payments received in the year before a bankruptcy filing. The unambiguous statutory language does not support the trustee's objection, and under Louisiana law, a court need not seek ambiguity in a statute where there is none. *Broadmoor, L.L.C. v. Ernest N. Morial New Orleans Exhibition Hall Authority*, 867 So.2d 651, 657 (La. 2004) (when a statute is clear and unambiguous and application of the statute does not lead to absurd consequences, the law must be applied as written without further interpretation). *See also In re Orso*, 283 F.3d 686, 693 (5th Cir. 2002) (where the Fifth Circuit refused to "go behind" an unambiguous Louisiana exemption statute to ascertain legislative intent).

Nor does either of the other two Louisiana statutes providing for annuity exemptions suggest a different result. In fact, they underscore that no matter the provision concerning *contributions* to an annuity contract, the *payments* under (or proceeds or avails of) an annuity contract are exempt from the claims of creditors and bankruptcy trustees. Specifically, under La. R.S. 22:647(B)(1),

> The lawful beneficiary, assignee, or payee, including the annuitant's estate, of an annuity contract . . . shall be entitled to the *proceeds and avails of the contract* against the creditors and representatives of the annuitant . . . and

4

> *such proceeds and avails* shall also be exempt from all
> liability for any debt of such beneficiary, payee, or assignee
> or estate, existing at the time the proceeds or avails are
> made available for his own use.

(Emphasis added.) Additionally, La R.S. 20:33 provides that "[a]ll pensions, tax-deferred arrangements, and annuity contracts, as defined and to the same extent prescribed in R.S. 13:3881" are exempt from all liability for debts other than alimony and child support.

A review of Act 63 of the 1999 Louisiana legislature (originating as House Bill No. 217), which amended all three of these statutes, supports this conclusion. The first paragraph of the act evidences the legislature's understanding of the interrelationship between these laws. It recites that it amends and reenacts La. R.S. 13:3881, La. R.S. 20:33 and La. R.S. 22:647, and enacts a new subsection of R.S. 13:3881, "relative to general exemptions from seizure; to include all annuity contracts and tax-deferred arrangements as exempt; to provide subject to standard exemptions; and to provide for related matters." The quoted language indicates that although the Louisiana legislature intended to maintain the exemption of annuity contracts and other tax-deferred arrangements, it also intended to limit the exemptions for contributions made in the year before bankruptcy.[10] As important, the amendments imposed absolutely no limit on the exemption of annuity payments, proceeds or avails within the year before a bankruptcy.

This outcome is consistent with the plain meaning of La. R.S. 13:3881(D). It also follows the reasoning of other courts considering the Louisiana annuity exemption. *See e.g. In re Orso*, 283 F.3d 686 (5th Cir. 2002). In *Orso* the Fifth Circuit considered the

---

[10] The 1999 amendment clarified that the last sentence of R.S. 13:3881(D) applied to annuity contracts as well as other tax-deferred plans. It also added subsection R.S. 13:3881(D)(3), which links 13:3881(D) with 22:647(B) by providing that the defined term *annuity contract* has the same meaning in R.S. 13:3881 as in R.S. 22:647. Finally, R.S. 20:33(1) was shortened considerably to simply provide that all pensions, tax-deferred arrangements and annuity contracts are exempt to the same extent as provided by R.S. 13:3881(D).

5

exemption under La. R.S. 22:647 of annuity payments to the debtor as a result of a personal injury settlement agreement resembling the Clements' settlements. The court held that La. R.S. 22:647(B)(1) "unambiguously" exempted the debtor's structured settlement annuity payments as "proceeds and avails" of an annuity contract, and protected those payments from claims of creditors in bankruptcy. *Id.* at 693. The *Orso* court also made clear that the 1999 legislation amending the three Louisiana statutes providing for annuity exemption does not change the exempt status of annuity payments: the "1999 amendment underscores Louisiana's consistent stance that courts are to construe annuity contracts liberally, in favor of their preservation and enforcement." *Id. See also Allison v. FDIC*, 817 F. Supp. 630 (M.D. La. 1993) (recognizing that the "general, long-standing rule provided by La. R.S. 20:33(1) and La. R.S. 22:647(B) is that payments, proceeds or avails of annuity contracts are exempt from seizure by creditors.")

      III.      The Trustee's Claims to the Annuity Contract are Preserved.

The structured settlement within the year before bankruptcy concluded a prepetition personal injury claim that, but for the purchase of the annuities, were rights to payment that would have been property of the estate under 11 U.S.C. §541.

Although the debtors did not own the annuity contracts before their bankruptcy, and therefore are not entitled to claim an exemption for the contracts, this ruling does not consider – and so does not limit - any power the trustee may have under the Bankruptcy Code or Louisiana law to avoid the structured settlement.[11]

---

[11] *See e.g., In re Orso*, 283 F.3d 686, 696-7 (5th Cir. 2002) ("nothing in §22:47 expressly prohibits courts from entertaining timely-brought . . . challenges to the underlying transaction that generates the annuity contract . . . ."). *But see Welltech, Inc. v. Abadie*, 683 So.2d 809 (La. App. 5th Cir. 1996), *writ denied*, 712

The Court will enter a separate order overruling the trustee's objections as to the annuity contracts as well as the debtors' payments under the contracts.

Baton Rouge, Louisiana, July 18, 2005.

**s/ Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE

---

So.2d 864 (La. 1998) (the underlying obligations which are discharged by payments from an annuity contract are also exempt from seizure under R.S.13:3881(D)).